IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| WILLIAM M CHAUNCY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 5:14-CV-133-CAR-MSH |
| | : | 42 U.S.C. § 1983 |
| SERGEANT MICHAEL GILLS, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

### **ORDER**

This case is an action under 42 U.S.C. § 1983 for an alleged violation of Plaintiff's Eighth Amendment right prohibiting cruel and unusual punishment.  Plaintiff sues Defendant Gills, a sergeant at the Georgia Department of Corrections, for an allegedly illegal use of force against Plaintiff while he was an inmate at Wilcox State Prison.  Plaintiff has three motions currently pending—two motions to amend the complaint (ECF Nos. 19 & 22), and a motion to appoint counsel (ECF No. 21).   Each is discussed in turn.

### **DISCUSSION**

In his first motion to amend, Plaintiff seeks to clarify a mistake in his interpretation of the deadline for Defendant Gills to file his Answer to the Complaint.  (First Mot. to Amend 1.)   Defendant Gills timely filed his Answer on October 14, 2014.   (ECF No. 20.) Therefore, Plaintiff's first motion to amend is moot.

In his second motion to amend the complaint, Plaintiff asks to make two changes to his complaint.   (Second Mot. to Amend 1.)   First, Plaintiff seeks to clarify that he is suing

Defendant Gills in both his individual and official capacities.  Second, Plaintiff seeks to add Officer Haire as a defendant in his individual and official capacities.  Officer Haire was mentioned in Plaintiff's original complaint but not specifically named as a defendant.

As to the first issue, the Court notes that Plaintiff did not specifically state in his complaint whether he is suing Defendant Gills in his official capacity, individual capacity, or both.  The Court construed his Complaint as bringing a claim for damages against Defendant Gills in his individual capacity only, and allowed that claim to proceed.  The Court finds that it would be futile to amend the Complaint to reflect a claim against Defendant Gills in his official capacity because any claim against Defendant Gills in his official capacity would be subject to Eleventh Amendment immunity since Defendant Gills is an employee of the Georgia Department of Corrections ("GDOC").

Official capacity suits for damages against employees of a state agency are suits against the state agency.  *Hobbs v. Roberts,* 999 F.2d 1526, 1530 (11th Cir. 1993).  A suit against a governmental entity which is considered an "arm of the state"—such as the GDOC—is a suit against the State.  *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989); *see Miller v. King,* 384 F.3d 1248, 1259 (11th Cir. 2004) (noting that § 1983 actions for damages against GDOC are barred because GDOC is not person capable of being sued under § 1983 and because of Eleventh Amendment immunity).  Neither a State nor its officials acting in their official capacities are "persons" under § 1983.  *See Will,* 491 U.S. at 71.  Therefore, any claim against Defendant Gills in his official capacity does not state a claim under § 1983.  Only Plaintiff's claim against Defendant Gills in his individual capacity shall proceed in this case.

As to Plaintiff's motion to add Officer Haire as a defendant in this case, the Court will allow Plaintiff's amendment.  In his Complaint, Plaintiff states that Officer Haire accompanied Defendant Gills in placing Plaintiff in the shower while handcuffed. (Compl. 5, ECF No. 1.)  Plaintiff then states that after Defendant Gills allegedly shoved Plaintiff to the ground while handcuffed and "started beating [Plaintiff] in the face," Officer Haire "came in and kneed [Plaintiff] in the face."  (*Id.*)  These allegations, taken as true, make out a colorable Eighth Amendment claim against Officer Haire, and the Court finds that it is in the interests of justice to allow Plaintiff to add Officer Haire, in his individual capacity, as a defendant in this case.  Fed. R. Civ. P. 15(a)(2).  Again, because Officer Haire is an employee of the GDOC, he is immune from suit under § 1983 in his official capacity, and only Plaintiff's claim against him in his individual capacity shall proceed.

It is hereby ORDERED that service be made on Defendant Haire.  The Defendant shall file an Answer or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

Finally, Plaintiff requests appointment of counsel.  Under 28 U.S.C. § 1915(e)(1), the district court "may request an attorney to represent any person unable to afford counsel."  However, there is "no absolute constitutional right to the appointment of counsel."  *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987).  Appointment of counsel is a privilege that is justified only by exceptional circumstances.  *Lopez v. Reyes*,

692 F.2d 15, 17 (5th Cir. 1982).  In deciding whether legal counsel should be provided, the Court should consider, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented.  *Holt v. Ford*, 682 F.2d 850, 853 (11th Cir. 1989).

Plaintiff has set forth the essential factual allegations underlying his claims, and the applicable legal doctrines are readily apparent.  Plaintiff therefore has not alleged the exceptional circumstances justifying appointment of counsel under *Holt*.  Accordingly, Plaintiff's motion for appointment of counsel is denied.

## CONCLUSION

Wherefore, for the foregoing reasons, Plaintiff's First Motion to Amend (ECF No. 19), is dismissed as moot, Plaintiff's Second Motion to Amend (ECF No. 22) is granted in part so as to allow Plaintiff to add an Eighth Amendment claim against Defendant Haire in his individual capacity, and Plaintiff's Motion to Appoint Counsel (ECF No. 21) is denied. The Clerk is directed to add Officer Haire as a Defendant in this case and it is ordered that service of process be made upon Defendant Haire by the U.S. Marshal's Service.

SO ORDERED, this 17th day of November, 2014.

/s/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE